ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| VÍCTOR M. BURGOS PÉREZ<br><br>Apelado<br><br>v.<br><br>JORGE L. VÁZQUEZ MELÉNDEZ<br><br>Apelante | KLAN202500144 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm. GDP2018-0030<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de junio de 2025.

Comparece Jorge L. Velázquez Meléndez ("señor Velázquez Meléndez" o "Apelante") mediante *Apelación Civil* y nos solicita que revoquemos la *Sentencia* emitida el 13 de enero de 2025 y notificada el 22 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Guayama ("TPI"). Mediante el referido dictamen, el TPI declaró Ha Lugar una Demanda sobre daños y perjuicios instada por Víctor M. Burgos Pérez ("señor Burgos Pérez" o "Apelado") en contra del señor Vázquez Meléndez. A su vez, el foro de instancia declaró No Ha Lugar la Reconvención presentada por el Apelante.

Por los fundamentos que proceden, se *Confirma* la *Sentencia* apelada.

**I.**

El 14 de marzo de 2018, el señor Burgos Pérez instó una *Demanda* sobre daños y perjuicios en contra del señor Vázquez Meléndez. El Apelado alegó que, el 14 de marzo de 2017, mientras conducía por la Carretera 179 del Barrio Guamaní en Guayama, el Apelante impactó su vehículo con una excavadora, luego de no medir el ancho de la maquinaria. Sostuvo, además, que el Apelante manejaba de manera temeraria y negligente, toda vez que lo hacía sin luces o escolta, conforme requiere nuestro ordenamiento. El

señor Burgos Pérez aseveró que el accidente le ocasionó daños físicos, así como angustias y sufrimientos morales. Como resultado, solicitó una suma no menor de $50,000.00, por concepto de daños físicos; $20,000.00, por concepto de angustias y sufrimientos mentales; y $8,000.00, por concepto de los daños ocasionados a su vehículo.

Por su parte, el 11 de julio de 2018, el Apelante instó su *Contestación a Demanda & Reconvención*. Mediante la Reconvención, el señor Vázquez Meléndez aseveró que, el causante del accidente de tránsito había sido el señor Burgos Pérez, quien presuntamente invadió el carril, tras quedarse dormido en el volante, como consecuencia de unos medicamentos recetados.

Tras varias instancias procesales, se celebró el juicio en su fondo. Durante su celebración, testificaron el señor Burgos Pérez y el señor Vázquez Meléndez, así como el agente Carlos Rodríguez Rodríguez.[1] Entre la prueba documental admitida, se encontraba el informe del accidente y unas fotografías del lugar donde ocurrió el accidente.[2]

Aquilatada la prueba documental y testifical, el 13 de enero de 2025, el foro de instancia emitió una *Sentencia*, notificada el 22 de enero de 2025. Mediante el referido dictamen, el foro apelado realizó las siguientes determinaciones de hechos:

1. El demandante y el demandado son vecinos del Bo. Guamaní en Guayama.

2. El día 14 de marzo de 2017, el Sr. Víctor M. Burgos conducía su vehículo marca Chevrolet Van G-20 tablilla DLC-988 del año 1991 por la carretera 179 Bo. Guamaní en Guayama de norte a sur.

3. En el kilómetro 2.4 a 2.5 de dicha carretera el demandante tiene un impacto frontal con un "digger" o excavadora, el cual era conducido en dirección de sur a norte por el demandado el Sr. Jorge L. Vázquez Meléndez.

4. **El demandado[,] al no medir el alto y ancho[,] invadió el carril del demandante[,] impactándolo en la parte frontal del vehículo Chevrolet Van G-20.**

5. El accidente ocurrió a las 6:45 PM.

6. El día 14 de marzo de 2017 estuvo lloviendo en el Bo. Guamaní en Guayama PR.

---

[1] Apéndice de la parte apelante, Anejos VIII y IX.
[2] Apéndice de la parte apelante, Anejo VIII.

7. A causa del accidente[,] el Sr. Víctor M. Burgos perdió el conocimiento y tuvo que ser transportado en ambulancia al Hospital San Lucas en Guayama.

8. Una vez en el hospital, el demandante recobró su conocimiento.

9. En el hospital le realizaron placas al demandante y le tomaron puntos de sutura en una herida que tenía en el rostro en el pómulo izquierdo. También le tomaron puntos de sutura en la mano derecha y la pierna izquierda[,] debido a las heridas abiertas a causa del accidente.

10. El demandante fue dado de alto al día siguiente al medio día.

11. A causa del accidente[,] el demandante sufre de dolores de cabeza, dolor en el cuerpo y la espalda. Actualmente[,] está pendiente de una operación en la pierna izquierda afectada por el accidente.

12. El vehículo marca Chevrolet Van G-20 del año 1991 fue pérdida total a causa del accidente.

13. Dicho vehículo era utilizado por el demandante para pasear, viajar y acampar.

14. **El vehículo del demandado transitaba sin escolta por la carretera 179[,] en violación a la [L]ey 22 del 7 de enero de 2000.**

15. A consecuencia del impacto con la van[,] el "digger" sufrió daños en la parte del frente donde va el "bucket"[,] el brazo se partió.

16. El demandado tuvo que reparar su vehículo (digger) y el costo de éste fue de $8,000.00 y $2,000.00 el costo de la pieza.[3]

(Énfasis suplido)

Sobre el testimonio del señor Burgos Pérez, el foro apelado puntualizó que el mismo fue claro y convincente y que "proporcionó detalles específicos sobre los daños sufridos y como éstos afectan su vida diaria".[4] Asimismo, detalló que:

> **La prueba presentada establece que el demandado fue negligente al conducir la excavadora "digger" por la vía pública.** En su testimonio[,] el demandado admitió que no iba escoltado según lo requiere la Ley 22 del 7 de enero del 2000. Debido a tal negligencia[,] al transitar por la carretera 179 Bo. Guamaní en Guayama[,] invadió el carril del demandado chocando con este de frente.[5]

(Énfasis suplido)

Así dispuesto, el foro de instancia declaró *Ha Lugar* la Demanda instada por el señor Burgos Pérez y *No Ha Lugar* la Reconvención presentada por el señor Vázquez Meléndez. Como corolario, el TPI le otorgó al señor Burgos Pérez la cantidad de $14,000.00, por concepto de daños

---

[3] Apéndice de la parte apelante, Anejo X, págs. 2-3.
[4] *Íd.*, pág. 6.
[5] *Íd.*, pág. 7.

físicos y angustias y sufrimientos mentales. Aclaró que dicha cuantía, calculada al valor del dólar actual, totalizaba $16,109.59. A su vez, le concedió al apelado la cantidad de $3,000.00, por los daños ocasionados al vehículo Chevrolet Van G-20 del año 1991.

Inconforme, el 21 de febrero de 2025, el señor Vázquez Meléndez acudió ante nos mediante *Apelación Civil* y le imputó al foro de instancia la comisión de los siguientes errores:

> **Erró el Tribunal de Primera Instancia en la adjudicación desmesurada de los daños concedidos a la parte demandante basados en la prueba desfilada cuando no se presentó prueba física ni pericial para establecer la causalidad de los mismos.**
>
> **Erró el Tribunal de Primera Instancia al no aplicar la doctrina de mitigación de daños y/o negligencia comparada y no aplicarle algún porciento de negligencia a la parte demandante-apelada.**

Ese mismo día, el Apelante presentó una *Moción Solicitando Autorización para Presentar Exposición Estipulada de Regrabación de Juicio en su Fondo Celebrado en el TPI el 16 de mayo de 2023 y el 21 de octubre del 2024*. Según solicitado, el 25 de febrero de 2025, esta Curia le concedió al señor Vázquez Meléndez un término de treinta (30) días para presentar la exposición estipulada de la regrabación del juicio en su fondo.

Ante el incumplimiento de la parte apelante, el 7 de mayo de 2025, le otorgamos un término perentorio de diez (10) días para cumplir con lo previamente ordenado. Transcurrido el término, sin la presentación de la exposición estipulada, el 29 de mayo de 2025, le otorgamos a la parte apelada hasta el 18 de junio de 2025 para presentar su alegato en oposición.

El 30 de mayo de 2025, el señor Burgos Pérez notificó su *Oposición a la Apelación*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

Nuestro ordenamiento jurídico confiere una causa de acción en daños y perjuicios a todo aquel que sufra un daño por las acciones u omisiones culposas o negligentes de otro. *González Cabán v. JR. Seafood et al.*, 199

DPR 234 (2017). El Artículo 1802 del Código Civil de 1930, 31 LPRA ant. sec. 5141, vigente al momento de los hechos, regula la responsabilidad civil extracontractual y establece que "[e]l que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado".

Para que prospere una acción por daños y perjuicios bajo este artículo, es necesario probar la ocurrencia de una acción u omisión culposa o negligente que ocasiona un daño y la existencia del nexo causal entre ambos. *Colón Santos v. Coop. Seg. Mult. P.R.*, 173 DPR 170, 177 (2008). En otras palabras, procede la reparación de un daño cuando se demuestran los siguientes elementos: (1) la existencia de una acción u omisión producto del acto ilícito extracontractual; (2) la antijuricidad de la misma; (3) la culpa o negligencia del agente; (4) la producción de un daño, y; (5) la relación de causa o efecto entre la acción u omisión y el daño. *Valle v. ELA*, 157 DPR 1, 14 (2002). Recae sobre la parte que solicita ser indemnizada el deber de establecer, mediante preponderancia de la prueba, todos los elementos de la causa de acción por daños y perjuicios. *SLG Colón-Rivas v. ELA*, 196 DPR 855 (2016).

Nuestro ordenamiento jurídico reconoce la existencia de dos tipos de daños. *Rivera v. S.L.G. Díaz*, 165 DPR 408, 428 (2005). Por un lado, se encuentran los daños especiales, también conocidos como daños físicos, patrimoniales, pecuniarios o económicos, que son toda aquella pérdida que recae sobre bienes objetivos. Estos daños admiten valoración económica por impactar directamente el patrimonio del perjudicado. *Íd.*

De otro lado, existen los llamados daños morales que son los infligidos a las creencias, los sentimientos, la dignidad, la estima social o la salud física o psíquica del perjudicado. *Íd.* El daño moral es un concepto amplio que abarca desde el dolor físico o corporal, las angustias mentales, hasta los daños o lesiones corporales. *Sagardía de Jesús v. Hospital*, 177 DPR 484, 500-501 (2009). Para que una reclamación de este tipo proceda, es imprescindible probar sufrimientos y angustias morales profundas y no

bastaría una pena pasajera como base de la acción. *Ramos Rivera v. E.L.A.*, 90 DPR 828 (1964).

La valoración de daños constituye un elemento crítico en las reclamaciones torticeras. A.J. Amadeo Murga, *El Valor de los Daños en la Responsabilidad Civil*, 1ra ed., Editorial Esmaco, 1997, pág. 31. El Tribunal Supremo ha expresado que estimar y valorar daños es una tarea difícil que conlleva especular, así como insertar elementos subjetivos, como "la discreción y el sentido de justicia y conciencia humana del juzgador de los hechos". *Herrera, Rivera v. S.L.G. Ramírez-Vicéns*, 179 DPR 774, 785 (2010). De igual manera, en *Urrutia v. A.A.A.*, 103 DPR 643, 647-648 (1985), nuestro más Alto Foro expresó lo siguiente:

> Bajo la fórmula amplia de responsabilidad consagrada en el Art. 1802 del Código Civil, 31 LPRA sec. 5141, no existe una tabla o computadora electrónica que recoja todos los elementos y premisas inarticuladas que nutren la valoración del dolor físico y mental humano y permita, mediante la aplicación de unas teclas o el oprimir unos botones, obtener el resultado final apropiado. Esta función descansa sobre el ejercicio discrecional prudente, juicioso y razonable del juzgador de hechos animado por un sentido de justicia y de conciencia humana.

Si bien la apreciación valorativa de daños no está exenta de cierto grado de especulación, nuestro sistema de justicia aspira a que toda adjudicación sea razonablemente balanceada, es decir, ni extremadamente baja ni desproporcionadamente alta. *Blás v. Hospital Guadalupe*, 146 DPR 237, 339 (1998). Como sabemos, no existe una fórmula que recoja todos los elementos que nutren la valoración del dolor físico y mental que permita obtener el resultado final exacto y apropiado. *Nieves Cruz v. U.P.R.*, 151 DPR 150, 178 (2000).

**-B-**

Por otra parte, el Artículo 1802 del Código Civil de 1930, *supra*, reconoce la defensa de negligencia comparada al pronunciar que, "[l]a imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización". El efecto de la referida defensa es atenuar la responsabilidad de la parte demandada, tomando en cuenta, "el grado de negligencia desplegado por la parte demandante que contribuye a la producción de sus propios daños". *Colón Santos v. Coop. Seg. Mult. P.R.*,

*supra*, pág. 178. En otras palabras, la defensa de negligencia comparada no pretende eximir al demandado de responsabilidad, sino reducirla. *Íd.*

En aquellos casos en que se alegue y fundamente la defensa de negligencia comparada, "el tribunal está llamado a individualizar las indemnizaciones por daños, colocando el rigor económico en las partes conforme a la proporción de su descuido o negligencia." *Íd.*, citando a H.M. Brau del Toro, *Los daños y perjuicios extracontractuales en Puerto Rico*, 2da ed., San Juan Pubs. JTS, 1986, Vol. I, pág. 410. De esta forma, el juzgador, luego de analizar todos los hechos y circunstancias del caso, tiene la tarea de "determinar el monto de la compensación y el porciento de responsabilidad que corresponde a cada parte, restando de la compensación total la fracción de responsabilidad correspondiente a la parte demandante." *Colón Santos v. Coop. Seg. Mult. P.R.*, *supra*, pág. 178.

**-C-**

La tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende, en gran medida, de la exposición del juzgador de los hechos a la prueba presentada, lo cual incluye, ver el comportamiento del testigo y escuchar su voz, mientras ofrece su testimonio. *Robert Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.,* 209 DPR 759, 778 (2022). De ahí que, los tribunales apelativos no debemos intervenir con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, salvo que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Íd.* Cuando la alegación es de pasión, prejuicio o parcialidad, el llamado a los foros apelativos es verificar, primordialmente, si el juzgador de los hechos cumplió con su función de adjudicar de manera imparcial. *Gómez Márquez et al. v. El Oriental Inc.*, 203 DPR 783, 793 (2020). Solo así podremos apoyar sus determinaciones de hechos. *Íd.*

Por otro lado, constituye error manifiesto cuando, de un análisis de la totalidad de la evidencia, el foro apelativo se convence de que se cometió un error, independientemente de que exista evidencia que sostenga las

conclusiones de hecho del Tribunal. *Íd.* De manera que, la facultad de los foros apelativos para sustituir el criterio de los tribunales de instancia se limita a aquellos escenarios, en los cuales, de la prueba admitida no surge base suficiente que apoye su determinación. *Robert Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.,* supra. Como se sabe, las diferencias de criterio jurídico no alcanzan dicho estándar. *Íd.*

Como vemos, nuestro esquema probatorio está revestido de un manto de deferencia hacia las determinaciones de credibilidad que realizan los juzgadores de instancia, con respecto a la prueba testifical presentada ante sí. *Pueblo v. Arlequín Vélez*, 204 DPR 117, 146-147 (2020). Lo anterior, en reconocimiento a la oportunidad que tiene el foro primario de ver y observar a los testigos declarar, de poder apreciar sus gestos, titubeos, contradicciones, manerismos, dudas, vacilaciones con el efecto de ir formando gradualmente, en su conciencia, la convicción sobre si dicen o no la verdad. *Íd.*, págs. 857-858. Es por ello que, "ante la presunción de corrección que revisten las determinaciones del foro primario, **quien desee impugnar las mismas deberá colocar al tribunal revisor en posición de atender correctamente sus planteamientos sobre la apreciación y la credibilidad de la prueba oral desfilada**". (Énfasis suplido). *Pueblo v. Pérez Delgado*, 211 DPR 654, 674 (2023).

Ahora bien, cabe destacar que, **en ausencia de evidencia oral, el Tribunal de Apelaciones carece de los elementos para descartar la apreciación razonada y fundamentada de la prueba que realizó el Tribunal de Primera Instancia**. (Énfasis suplido). *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 289 (2011).

### III.

En síntesis, el señor Vázquez Meléndez arguye que el foro de instancia incidió al: (1) no aplicar la doctrina de negligencia comparada; y (2) al declarar Ha Lugar la *Demanda*, a pesar de que la prueba presentada no fue suficiente para establecer un nexo causal entre sus acciones y el daño sufrido por la parte apelada. Particularmente, imputa que la única prueba

presentada para sustentar las alegaciones de daños contenidas en la *Demanda* fue el propio testimonio de la parte apelada.

Por su parte, el señor Burgos Pérez arguye que, ante el hecho de que el señor Vázquez Meléndez no presentó la transcripción de la prueba oral vertida durante el juicio, en ausencia de pasión, perjuicio, parcialidad o error manifiesto, no debemos intervenir con la apreciación de la prueba del foro de instancia.

Ciertamente, ausente el expediente de evidencia oral, carecemos de facultad para sustituir la apreciación de la prueba llevada a cabo por el foro de instancia. Añadimos que el apelante tampoco presentó copia de la prueba documental desfilada durante el juicio. Como resultado, nos vemos obligados a acoger las determinaciones de hechos realizadas por el foro primario.

En el caso de marras, el TPI determinó que el señor Vázquez Meléndez ocasionó el accidente al invadir el carril contrario y al conducir la excavadora por la vía pública sin escolta. Asimismo, detalló que, como consecuencia del accidente, el señor Burgos Pérez tuvo que ser transportado al hospital, donde le tuvieron que suturar heridas sufridas en su rostro, mano derecha y pierna izquierda. Esbozó, además, que, a causa del accidente, el recurrido sufre de dolores de cabeza, en el cuerpo y la espalda. Así, también, destacó que el señor Burgos Pérez se encuentra pendiente de una operación en la pierna izquierda, ya que fue afectada por el accidente. Igualmente, precisó que el vehículo conducido por el recurrido fue pérdida total como consecuencia del choque.

Según se desprende de las determinaciones de hechos, el accidente fue provocado, únicamente, por la negligencia del señor Vázquez Meléndez. El foro de instancia no determinó que hubiera mediado negligencia por parte del señor Burgos Pérez. Siendo así, resultaría contrario a derecho aplicar la doctrina de negligencia comparada, distinto a lo sostenido por la parte apelante. Por tanto, el primer señalamiento de error no fue cometido y tampoco amerita una mayor discusión.

Ahora bien, mediante el segundo señalamiento de error el apelante cuestiona la apreciación de la prueba y la adjudicación de credibilidad que el TPI le concedió al testimonio del apelado. No obstante, y a pesar de haber solicitado nuestra autorización, el apelante no cumplió con la presentación de la reproducción de la prueba oral. Como corolario, no podemos determinar si el juzgador incurrió en pasión, prejuicio o parcialidad, o si la prueba no resultó suficiente, según arguye el señor Vázquez Meléndez. Reiteramos que, "ante la presunción de corrección que revisten las determinaciones del foro primario, quien desee impugnar las mismas deberá colocar al tribunal revisor en posición de atender correctamente sus planteamientos sobre la apreciación y la credibilidad de la prueba oral desfilada". *Pueblo v. Pérez Delgado*, *supra*, pág. 674.

**IV.**

Por los fundamentos que anteceden, se *Confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Brignoni Mártir concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones